JOHN T. GORMAN
Federal Public Defender
District of Guam

KIM SAVO
Assistant Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Defendant
RAYMOND ATOIGUE

FILED
DISTRICT COURT OF GUAM
NOV - 8 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 05-00035 |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S POSITION RE |
| | ) | SENTENCING |
| vs. | ) | |
| | ) | |
| RAYMOND ATOIGUE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant, Raymond Atoigue, by and through counsel, Kim Savo, Assistant Federal Public Defender, respectfully requests the Court to sentence him to thirty months imprisonment.

DATED: Mongmong, Guam, November 7, 2005.

KIM SAVO
Attorney for Defendant
RAYMOND ATOIGUE

## I. DISCUSSION

The Supreme Court has ruled that the mandatory nature of the federal sentencing guidelines runs afoul of the Sixth Amendment. *United States v. Booker*, 125 S. Ct. 738 (2005). After *Booker*, the sentencing guidelines are "effectively advisory." *Id.* at 757. Courts are now required to consider the guidelines as only one among the other statutory purposes of sentencing in arriving at the appropriate sentence. *Id.* The guidelines are not to be weighed more heavily than the other statutory purposes. As the Ninth Circuit has stated the advisory guideline range is "only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence . . . ." *United States v. Ameline*, 400 F.3d 646, 655-56 (9th Cir. 2005), *reh'g en banc*, 409 F.3d 1073. These "statutory purposes," including the guidelines, are enumerated at 18 U.S.C. §§ 3553(a), 3582(a), and 3661.

The overriding principle and basic mandate of Section 3353(a) requires district courts to impose a sentence "sufficient but not greater than necessary" to comply with the four purposes of sentencing: retribution (to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment), deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a)(2).

In arriving at the appropriate sentence, section 3553(a) directs the court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the offender, (2) the kinds of sentences available, (3) the guidelines and policy statements issued by the Sentencing Commission, (4) the need to avoid unwarranted sentencing disparity, and (5) the need to provide restitution where applicable. 18 U.S.C. § 3553(a)(1), (a)(3), (a)(5)-(7). Neither the statute nor *Booker* suggest that any single factor is to be given more weight than any other factor.

There is no authority in the Ninth Circuit directing district courts to give more weight to the guidelines than to the other statutory factors.

Section 3553(a)(2)(D) requires a sentencing court to evaluate the need to provide the defendant with education, training, treatment or medical care in the most effective manner. By enacting section 3582, Congress explicitly recognized that imprisonment is "not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582 (a).

Finally, section 3661 provides that "no limitation shall be placed on the information concerning the background, character, and conduct of the person . . . which a court . . . may consider for the purpose of imposing and appropriate sentence." 18 U.S.C. § 3661. In sum, in every case, courts must now consider all of the statutory factors, not just the guidelines in arriving at the appropriate sentence.

## II. The Sentencing Factors Weigh in Favor of a Thirty-Month Sentence.

### A. The nature and circumstances of the offense and the history and characteristics of the offender

This offense begins and ends with Raymond Atoigue's serious addiction to methamphetamine. In his 39 years he has never previously committed a crime. The form of methamphetamine at issue in this case, popularly known as "ice," is so addictive that many people are hooked after their first use. Mr. Atoigue turned to selling the drug to support his own addiction. He is in desperate need of drug treatment and rehabilitation. As Congress has recognized, the most effective means of deterring future criminal conduct by Mr. Atoigue is not incarceration but drug treatment.

3

As soon as he was confronted by law enforcement officers, Mr. Atoigue made a detailed written confession about all of his criminal conduct. He did not simply take responsibility for the one package tracked by DEA, but explained to agents how his supplier sent the drugs and how the proceeds were distributed. He agreed to cooperate with agents. Although that cooperation did not lead to an arrest or conviction, nevertheless, it demonstrates that Mr. Atoigue took considerable responsibility for his actions above and beyond that generally expressed by remorseful defendants.

Mr. Atoigue has historically been a very productive member of the community. He is a skilled mechanic with a long history of steady employment. PSR at ¶ 54-57. With drug treatment his skills will enable him once again to contribute to the community.

Mr. Atoigue has one teen-aged daughter, Kara Atoigue. Although Mr. Atoigue and his wife have been separated for many years, he has continued to play an integral role in his daughter's life. *See* Letters in Support, filed concurrently. Mrs. Atoigue states that he "has not avoided his parental obligation," and has been particularly involved in Kara's education.

Thus, with the exception of the offense conduct, Mr. Atoigue has lived a commendable life.

1. **Mr. Atoigue is the irreplaceable caretaker for his parents warranting a reduction in his sentence.**

Even under the prior mandatory guidelines regime, the Ninth Circuit permitted district courts to reduce a defendant's sentence if that individual was an essential caretaker for family members. *See e.g.*, *United States v. Leon*, 341 F.3d 928 (9th Cir. 2003); *United States v. Aguirre*, 214 F.3d 1122 (9th Cir. 2000). The Court now has the authority to reduce Mr. Atoigue's sentence

4

in consideration of his role in taking care of his parents even if the Court concludes that his care taking does not rise to the same level that was required for a departure under the mandatory guidelines.

Mr. Atoigue is a life-long resident of Guam. While all but two of his siblings have relocated to the mainland, Mr. Atoigue has remained on Guam and is the caretaker for his parents. *See* Digital video of B. Atoigue and G. Atoigue, attached as Exhibit A. Mr. Atoigue's one brother who resides on Guam has five children, and is not able to take care of or support his parents. His other brother does not aid or provide any support to the parents. Mr. Atoigue resides in a house adjacent to his parents, enabling him to care for them. Mr. Atoigue is the only person in his family who is able and willing to help his parents.

Mr. Atoigue's mother has a permanent injury to her right leg that prevents her from driving. Doctors recently discovered spotting on the lungs of Mr. Atoigue's father, and although there has not yet been a diagnosis, he has been instructed by his physician not to lift or carry more than 45 pounds. Mr. Atoigue performs indoor and outdoor maintenance for his parents. Additionally, he is responsible for feeding and caring for the pigs and poultry. He routinely provides transportation for his mother, and often does the food shopping.

While Mr. Atoigue recognizes that he must serve a sentence of imprisonment as a result of his criminal conduct, he asks the Court to reduce his sentence to enable him to return to his parents' aid as soon as possible.

**B.     The advisory guideline range**

Mr. Atoigue concurs with the probation officer's calculation of the advisory guideline base offense level as a level 32. PSR at ¶ 29. The probation officer has also determined that Mr.

5

Atoigue qualifies for application of the "safety valve." PSR at ¶ 30. Mr. Atoigue satisfies each of the five requirements permitting the Court to sentence him below the statutory minimum. Specifically, Mr. Atoigue: (1) does not have more than one criminal history point, (2) did not use violence or credible threat of violence or possess a firearm or other dangerous weapon in connection with the offense, (3) did not commit an offense that resulted in death or serious bodily injury to any person, (4) was not an organizer, leader, manage, or supervisor, and (5) he truthfully provided to the government all information an evidence he had regarding the offense. Thus, the offense level must be reduced by 2 levels.

Additionally, Mr. Atoigue asserts that the Court should reduce the offense level by an additional 2 levels for his role in the offense. Mr. Atoigue acted at the direction of an individual by the name of Jesse Grantham. PSR at ¶ 15. As instructed, Mr. Atoigue wired or deposited most of the proceeds into the accounts of other individuals. PSR at ¶ 16-19. Mr. Atoigue agreed to cooperate with DEA to help them locate Jesse Grantham. Although Mr. Atoigue's efforts were unsuccessful, DEA's interest in Jesse Grantham as the supplier and organizer of the mailing of the packages and the dispersal of the proceeds demonstrates that Mr. Atoigue was a lesser player in the offense.

Thus, Mr. Atoigue submits that the total offense level under is 25. The advisory guideline range is therefore 57-71 months.

### III. CONCLUSION

Mr. Atoigue respectfully requests that the Court impose a reasonable statutory sentence in light of his individual characteristics and the nature and circumstances of the instant offense. Mr. Atoigue proposes that in light of his addiction, the extent to which he has demonstrated

6

acceptance of responsibility, and extenuating family circumstances a thirty-month term of imprisonment is sufficient but not greater than necessary to achieve the statutory aims of sentencing.

DATED: Mongmong, Guam, November 7, 2005.

_/s/ Kim Savo_
KIM SAVO
Attorney for Defendant
RAYMOND ATOIGUE

7

Case 1:05-cr-00035   Document 32   Filed 11/08/2005   Page 7 of 8

## CERTIFICATE OF SERVICE

I, ALEXANDER A. MODABER, hereby certify that a true and exact copy of the foregoing document was duly mailed and/or hand-delivered to the following on November 8, 2005:

KARON V. JOHNSON
Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

Attorney for Plaintiff
UNITED STATES OF AMERICA


STEPHEN GUILLIOT
U.S. Probation Officer
U.S. Probation Office
Districts of Guam and NMI
2nd Floor, U.S. District Court

DATED: Mongmong, Guam, November 8, 2005.

_____
ALEXANDER A. MODABER
Investigator

KIM SAVO
Attorney for Defendant
RAYMOND ATOIGUE