## IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM
### CRIMINAL MINUTES
### SENTENCING



**FILED**
DISTRICT COURT OF GUAM
DEC - 5 2005
MARY L.M. MORAN
CLERK OF COURT

**CASE NO. CR-05-00035**          **DATE: 12/5/2005**

**HON. D. LOWELL JENSEN, Designated Judge, Presiding**
Court Reporter: Wanda Miles
Hearing Electronically Recorded: 10:01:06 - 10:37:05

Law Clerk: Cheryl Kahn
Courtroom Deputy: Virginia T. Kilgore
CSO: B. Pereda

************************APPEARANCES*****************************

**DEFT: RAYMOND N. ATOIGUE**
( X ) PRESENT   ( X ) CUSTODY   ( ) BOND   ( ) P.R.

**ATTY : ALEX MODABER**
( ) PRESENT  ( ) RETAINED  ( X ) FPD  ( ) CJA APPOINTED

U.S. ATTORNEY: KARON JOHNSON                    AGENT:

U.S. PROBATION: STEPHEN GUILLIOT                U.S. MARSHAL: V. ROMAN / G. PEREZ

INTERPRETER: _____     ( ) SWORN     LANGUAGE: _____
                                    ( ) PREVIOUSLY SWORN

( X ) COURT STATES THE APPROPRIATE BASE OFFENSE LEVELS _____
   Base offense level:  32     Total offense level:  27     Criminal History Category:

   **NO OBJECTIONS BY THE GOVERNMENT AND DEFENSE**

( X ) ATTORNEY FOR DEFENDANT ADDRESSES THE COURT:
Argued that Mr. Atoigue is a minor participant and stated his objection as to his role in the offense. Requested the Court to recommend to Bureau of Prisons for defendant to participate in the intensive drug treatment program. He further requested the Court to allow defendant to self-surrender the day after Christmas.

( X ) DEFENDANT ADDRESSES THE COURT AND APOLOGIZES

( X ) GOVERNMENT ADDRESSES THE COURT AND MAKES ITS RECOMMENDATION:
Disagreed with defense as to defendant's role and argued her position. Counsel stated that there is no reason for the Court to depart from the guidelines.

(  ) LETTER(S) OF RECOMMENDATION RECEIVED BY THE COURT

NOTES/OTHER MATTERS:

Defense counsel requested to change paragraph 41 of the presentence report to reflect that defendant's brother Edward does not live with his parents. No objection. The Court changed the phrase "with his parents in Dededo" to read "on Guam".

Defense counsel requested the Court to impose a fee of $150 in lieu of the 300 hours community service. DENIED. The Court released the Defendant and ordered him to abide by the previous release conditions imposed by the Court and included the condition that defendant's release be revoked immediately if he tests positive for a narcotic substance or fails to appear for any scheduled test. The Court further ordered defendant to self-surrender on December 26, 2005 at 12 Noon. Probation Officer, Stephen Guilliot objected to defendant's release.

The Court granted forfeiture as to Count II of the indictment. The Court ordered that the accounts in the Bank of Guam held in the names of Marlene Mesa and Mary Guerrero are subject to forfeiture and the amounts seized shall be forfeited to the United States.

SENTENCE: CR-05-00035                    DEFENDANT: RAYMOND N. ATOIGUE

( X )   DEFENDANT COMMITTED TO THE BUREAU OF PRISONS FOR A TERM OF <u>SIXTY MONTHS.</u> WHILE IMPRISONED, DEFENDANT SHALL PARTICIPATE IN THE PRIMARY DRUG TREATMENT PROGRAM.

( X )   DEFENDANT SHALL SELF-SURRENDER TO THE U.S. MARSHAL SERVICE BY <u>DECEMBER 26, 2005 AT 12 NOON.</u>

( X )   COURT RECOMMENDATION TO THE BUREAU OF PRISONS AT <u>LOMPOC, CALIFORNIA</u>.

( X )   UPON RELEASE FROM IMPRISONMENT, DEFENDANT IS PLACED ON SUPERVISED RELEASE FOR A TERM OF <u>FIVE YEARS</u>.

THE TERM OF SUPERVISED RELEASE WILL INCLUDE THE FOLLOWING CONDITIONS:

1.  DEFENDANT SHALL OBEY ALL FEDERAL, STATE, AND LOCAL LAWS.

2.  DEFENDANT SHALL COMPLY WITH THE STANDARD CONDITIONS OF SUPERVISED RELEASE AS SET FORTH BY THE STATUTE.

3.  DEFENDANT SHALL NOT POSSESS ILLEGAL CONTROLLED SUBSTANCES.

4.  DEFENDANT SHALL NOT POSSESS A FIREARM OR OTHER DANGEROUS WEAPON.

5.  DEFENDANT SHALL REFRAIN FROM THE USE OF ANY AND ALL ALCOHOLIC BEVERAGES.

6.  DEFENDANT SHALL PARTICIPATE IN ANY PROGRAM APPROVED THE U.S. PROBATION OFFICE FOR SUBSTANCE ABUSE AND TO INCLUDE TESTING AS DIRECTED. DEFENDANT SHALL MAKE A CO-PAYMENT FOR TREATMENT AT A RATE TO BE DETERMINED BY THE U.S. PROBATION OFFICE.

7.  DEFENDANT SHALL SUBMIT TO THE COLLECTION OF A DNA SAMPLE AT THE DIRECTION OF THE U.S. PROBATION OFFICE.

8.  DEFENDANT SHALL SUBMIT TO ONE DRUG TEST WITHIN 15 DAYS OF RELEASE FROM CUSTODY, AND UP TO EIGHT DRUG TESTS PER MONTH THEREAFTER.

9.  DEFENDANT SHALL SUBMIT HIS PERSON, RESIDENCE, AUTOMOBILE, HIS PROPERTY OR ANY PROPERTY UNDER HIS CONTROL TO A SEARCH AS REQUESTED BY THE PROBATION OFFICE. THE SEARCH SHALL OCCUR AT A REASONABLE TIME AND IS BASED UPON REASONABLE SUSPICION.

10. DEFENDANT SHALL PERFORM 300 HOURS OF COMMUNITY SERVICE IN PROGRAMS THAT ARE SET BY AND DIRECTED BY THE PROBATION OFFICE AND APPROVED BY THE PROBATION OFFICE.

IT IS FURTHER ORDERED THAT THE DEFENDANT PAY TO THE UNITED STATES A SPECIAL ASSESSMENT FEE OF $100.00 TO BE PAID IMMEDIATELY AFTER SENTENCING.

ALL FINES ARE WAIVED SINCE IT HAS BEEN DETERMINED THAT THE DEFENDANT DOES NOT HAVE THE ABILITY TO PAY.

COURT STATES THE JUSTIFICATION OF SENTENCE IMPOSED. DEFENDANT ADVISED OF HIS APPEAL RIGHTS. DEFENDANT REMANDED TO THE CUSTODY OF THE U.S. MARSHAL.